Robert E. JOHNSTON and Myrl
Stephens

v.

The FARMERS MUTUAL EXCHANGE
OF CALHOUN, Inc.

No. 15169.

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1955.

John D. Edge, Calhoun, Ga., for appellant.

Daniel B. Hodgson, Wm. B. Spann, Jr., Atlanta, Ga., Dean Covington, Rome, Ga., Alston, Sibley, Miller, Spann & Shackelford, Atlanta, Ga., Andrews & Covington, Rome, Ga., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

■ This case is a companion to the case of Nix v. Farmers Mutual Exchange of Calhoun, Inc., 5 Cir., 218 F.2d 642. The cases involve substantially the same issues and were consolidated for trial, but separate findings of fact and conclusions of law were entered by the trial court.[1] In the case of plaintiff Johnston there was an issue in the trial court involving his delivery of broilers to market. He took exception to certain findings of the court in this connection and in his statement of points, upon which he intended to rely on this appeal, he complained of one such finding. However, this point is not listed in his specifications of error and is not argued in his brief. We shall treat it as having been abandoned.

■ Unless Exchange's contention that plaintiffs' stipulation as to the evidence concludes them from complaining of certain findings of the trial court is valid, our ruling in the companion case is controlling here. This has reference to the statement of evidence in which plaintiffs' counsel stipulated that the findings of fact entered by the trial court were accurate and were supported: by the evidence, except in particulars not pertinent here. On the same day the stipulation was filed, counsel filed his statement of points in which he assigned as error certain "finding[s] as a matter of fact and a matter of law." We do not construe plaintiffs' stipulation of the evidence to bind them as to matters which were not evidentiary in character, but which were clearly conclusions of law in-

terspersed with the findings of fact. The intention of plaintiffs' counsel was clear and we do not think that the stipulation misled opposing counsel. Certainly, Exchange was not prejudiced by it. We overrule this contention and, for the reasons stated in the opinion rendered in Nix v. Farmers Mutual Exchange of Calhoun, Inc., supra, affirm the judgment below.

Affirmed.

RUSSELL, J., sat during the argument of this case but, due to illness, he took no part in this decision.

---

1. A memorandum opinion written by the trial court is reported at 117 F.Supp. 517.